**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JACKSON JOSE LEON ESPINOZA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1559-SLP** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jackson Jose Leon Espinoza, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Respondents filed a response, Doc. 13,[3] and the time for Petitioner to reply has lapsed. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a native and citizen of Venezuela who entered the United States on October 16, 2023. Doc. 13, at 2. On that same day, Petitioner was issued a Notice to Appear charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *Id.* Ex. 1 (Form I-213, Notice to Appear). On September 25, 2025, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* Ex. 3, at 1.

In December 2024, Petitioner was arrested by the Tulsa County Police Department on charges which were later dismissed. Doc. 1, at 2; Doc. 13, Ex. 2, at 2. On February 11, 2025, Petitioner was transferred to Immigration and Customs Enforcement (ICE) custody. Doc. 1, at 2; Doc. 13, at 2. He has been

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 13, at 1 n.1.

detained in ICE custody ever since.[4]

On January 13, 2026, the Department of Homeland Security (DHS) moved to pretermit Petitioner's asylum application, alleging that he was eligible for removal to Ecuador, a safe third country with which the United States has an Asylum Cooperative Agreement. Doc. 13, Ex. 3, at 1. On March 11, 2026, an immigration judge (IJ) granted DHS's motion, denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed. *Id.* at 6.

Respondents attempted to remove Petitioner to Ecuador in late August but were unsuccessful. Doc. 15. Because the IJ's removal order specified Ecuador, which would not accept Petitioner, Respondents moved to re-open Petitioner's removal proceedings so the IJ could consider Petitioner's asylum application. Id. Ex. 1, at 2 ("DHS moves the court to reopen proceedings so that the Court may consider Respondent's Form I-589 application based upon his claim of fear of returning to Venezuela). On October 23, 2026, an IJ granted Petitioner pre-conclusion voluntary departure. *Id.*; EOIR, Automated Case

[4] When Petitioner filed his petition, he was detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 2. Thereafter, he was transferred multiple times and is currently detained at the Bluebonnet Detention Facility in Anson, Texas. Doc. 16, Ex. 1. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Therefore this Court retains jurisdiction over the petition.

Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 26, 2026). The time to appeal this decision has not yet expired and thus the order of removal is not yet final. 8 C.F.R. § 1241.1(f).

Petitioner challenges his prolonged detention without an individualized hearing as a violation of his Fifth Amendment due process rights. Doc. 1, at 4-5. He requests immediate release under conditions of supervision, or a prompt individualized bond hearing at which the government bears the burden of proof. *Id*. at 5.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is detained under 8 U.S.C. § 1226(a).

Respondents argued that Petitioner is subject to mandatory detention

under 8 U.S.C. § 1231. Doc. 13, at 3. After an order of removal becomes administratively final, the government "must detain" a noncitizen during the ninety-day removal period and may continue to detain them for a reasonable period thereafter. *Id.*; 8 U.S.C. § 1231; *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (recognizing six months as a presumptively reasonable period). Even if § 1231 applied, the ninety-day removal period expired since the March 11, 2026 removal order. *See also Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026) (explaining that "[t]his earlier six-month removal period . . . applied only to the initial time period after an order of removal became final, without any provision for tolling or retriggering").

Respondents have moved to reopen Petitioner's removal proceedings, which resulted in a grant of voluntary departure that is not final. Doc. 15; EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 26, 2026).

Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026) ("[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are

usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner was not "seeking admission" at the border when he was detained and transferred to ICE custody. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. Jul. 14, 2026). Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Flores v. Gantt*, No. CIV-26-1943-R, 2026 WL 2861475, at *1-2 (W.D. Okla. Sept. 23, 2026) (finding that after IJ reopened a final order of removal, Petitioner was detained under 1226(a)), *adopted by* 2026 WL 2975173 (W.D. Okla. Oct. 2, 2026).

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g., Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody

determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the government has not provided Petitioner with an individualized custody determination since his detention in February 2025. Doc. 1, at 2. *See, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g., Santillan Quiroz*, 180

F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[5]

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing

[5] Petitioner requests the Court place the burden on the Government at a bond hearing. Doc. 1, at 5. But this Court has previously declined to order burden shifting. *See, e.g., Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). The undersigned therefore recommends denying Petitioner's request to require the Government to bear the burden of proof at the bond hearing.

a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Bluebonnet Detention Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 5, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 26th day of October, 2026.

---

6 Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE