**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JACKSON JOSE LEON ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK, CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) | Case No. CIV-26-1559-SLP |

**<u>O R D E R</u>**

Petitioner, Jackson Jose Leon Espinoza, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered October 26, 2026 [Doc. No. 17] (R&R). The Magistrate Judge recommends granting, in part, the Petition. The Respondents have filed an Objection [Doc. No. 18], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court DECLINES TO ADOPT the R&R and DENIES the Petition.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on or around October 16, 2023. That same day, Petitioner was placed by United States Immigration and Customs

Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under § 212(a)(6)(A(i) of the Immigration and Nationality Act (INA). Petitioner appears to have been subsequently released from custody. On September 25, 2025, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.

On or around December 20, 2024, Petitioner was arrested by the Tulsa County Police Department in Tulsa, Oklahoma. On February 11, 2025, Petitioner was transferred to ICE custody.

On January 13, 2026, the Department of Homeland Security (DHS) moved to pretermit the Petitioner's asylum application on the basis that Petitioner was eligible to be removed to Ecuador. On March 11, 2026, an immigration judge granted DHS's motion, denied Petitioner's pending immigration applications, and ordered Petitioner removed to Ecuador.

DHS was unable to successfully remove Petitioner to Ecuador in late August. On September 1, 2026, DHS filed a Motion to Reopen Removal Order in Petitioner's immigration proceeding so that the immigration court "may consider [Petitioner's application for asylum] based upon his claim of fear of returning to Venezuela." *See* Mot. to Reopen [Doc. No. 15-1] at 2.[1] On October 23, 2026, an immigration judge granted

[1] While not a part of the record, the Court presumes that the motion to reopen was granted by the immigration judge as an immigration judge later granted Petitioner's request for voluntary departure in his immigration proceeding. *See* IJ Order [Doc. No. 18-1] at 6. "The grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." *Sanchez-Naranjo v. Holder*, 510 F. App'x 759, 760 (10th Cir. 2013) (quoting *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2007).

Petitioner's request for pre-conclusion voluntary departure to Venezuela. Petitioner waived appeal of the order. *See* IJ Order [Doc. No. 18-1] at 6.

On June 25, 2026, Petitioner filed this action, claiming his prolonged detention without an individualized hearing violated his due process rights under the Fifth Amendment of the United States Constitution.[2] As relief, Petitioner seeks release from custody under the prior conditions of supervision or, in the alternative, an individualized bond hearing.

## II. Analysis

Respondents object on the basis that the Magistrate Judge erred in finding that the immigration judge's October 23, 2026 order granting Petitioner's application for pre-conclusion voluntary departure under INA § 240B(b) was not an administratively final order of removal.[3] In the Objection, Respondents attached a copy of the immigration judge's October 23, 2026 order [Doc. No. 18-1]. The immigration judge's order indicates that Petitioner waived review of the order. *See* IJ Order [Doc. No. 18-1] at 6. Respondents assert that Petitioner's waiver of appeal renders him subject to an administratively final order of removal under subsection (b) of 8 C.F.R. § 1241.1. *See* Obj. [Doc. No. 18] at 1- 2.

---

[2] When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

[3] The Magistrate Judge relied upon the information available through the Executive Office of Immigration Review's Automated Case Information website, which indicated that an appeal of the immigration judge's order was due by November 23, 2026. *See* R&R at 5.

The Court finds that Petitioner is subject to an administratively final order of removal on a separate ground. The October 23, 2026 order of the immigration judge explicitly states:

> [Petitioner]'s application for pre-conclusion voluntary departure under INA § 240B(a) was granted and [Petitioner] is ordered to depart by 12/07/2026. The [petitioner] must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to Venezuela taking effect immediately.

IJ Order [Doc. No. 18-1] at 4 (cleaned up). Subsection (f) of 8 C.F.R. § 1241.1 provides, in relevant part, that "[i]f an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure," the order of removal shall become final "upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days." 8 C.F.R. § 1241.1. Petitioner's deadline to post bond pursuant to the immigration judge's order was October 28, 2026. It appears that Petitioner did not post bond because Petitioner remains in custody. *See* Notice of Petitioner's Movement [Doc. No. 19] ("Petitioner is scheduled to be moved from his current detention location . . ."). Therefore, the alternate order of removal is in effect and Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

IT IS THEREFORE ORDERED that the Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 17] and the Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**